## C. A. BELVIN *et al.* v. STATE.

No. A-2211. Opinion Filed June 2, 1917.

(165 Pac. 617.)

**ASSAULT AND BATTERY—Question for Jury—Principal.** Whether a defendant jointly convicted with another encouraged and aided such other in an assault and battery **held,** on the evidence, a question for the jury.

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

C. A. Belvin and Arthur Inman were convicted of assault and battery, and they appeal. Modified and affirmed.

*Carr & Field,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *C. W. King,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiffs in error, C. A. Belvin and Arthur Inman, were jointly informed against and tried for the crime of assault with intent to kill one C. M. Wall, and were convicted of assault and battery, and their punishment fixed each at a fine of $100 and 30 days' confinement in the county jail. From the judgments rendered on the verdict, they appeal.

It appears that the plaintiffs in error were farmers, residing seven or eight miles east of Pauls Valley; that Belvin was a man with a large family, consisting of his wife and seven or eight children; that he had lived in that community for more than 30 years; that he is an uncle of the defendant Inman; that the complaining witness, C. M. Wall, also lived in the same neighborhood;

that on the day on which the assault occurred the defendant Inman and the complaining witness Wall had an altercation; that evening Inman went over to Belvin's house; from there the two got on Belvin's horse and rode over across the farm to where Belvin's brother lived; on the way over they passed by Wall's home; in a short time they returned and met Wall and his wife at the well by the roadside, where they were watering the horses; Inman made some remark to Wall about the trouble they had that day and got off the horse and assaulted Wall.

The evidence for the state tends to show that Belvin encouraged and aided Inman in the assault.

The only question in the case is the sufficiency of the evidence to sustain the verdict against the defendant Belvin. Upon the record before us, the question was one of fact for the jury to determine; however, upon the suggestion of the Attorney General, the judgment and sentence of 30 days' confinement and $100 fine imposed on the defendant Belvin will be modified to the payment of a fine of $100 and the costs. As thus modified, the judgment as to the defendant is affirmed. The judgment and sentence against the defendant Arthur Inman is affirmed.